UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL EVERETT HILL, ) | |
| ) | Case No. 17-cv-03154 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| ENHANCED RECOVERY COMPANY, LLC ) | |
| a/k/a ERC and ENHANCED RESOURCE ) | |
| CENTER ) | |
| ) | |
| Defendants, ) | |

**ORDER**

Defendant Enhanced Recovery Company, LLC a/k/a ERC and Enhanced Resource Center's Motion for Attorneys' Fees [49] is denied.

**STATEMENT**

Plaintiff Michael Everett Hill filed a complaint in April 2017, alleging that Defendant Enhanced Recovery Company, LLC a/k/a ERC and Enhanced Resource Center's (collectively "ERC") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505 *et seq.* Hill's claims arose from a series of telephone calls from ERC attempting to collect upon a debt. Specifically, Hill alleges that after receiving multiple calls, Hill told an ERC representative that he was involved in bankruptcy proceedings and the representative said that ERC would not call anymore. Hill alleges that he still received additional calls. During discovery, ERC produced call records, which ERC contends undermined Hill's claim that ERC continued to call him after Hill asked that ERC stop.

This case proceeded with discovery until Hill filed a motion to dismiss his complaint with prejudice. Hill stated that after discussing a recent court ruling as well as reviewing ERC's discovery

1

responses with his attorney that he had determined that dismissing his case would be the best course of action. The Court granted Hill's motion to dismiss with prejudice.

Now, ERC moves for $28,685 in attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and 28 U.S.C. § 1927. Under Section 1692k(a)(3), a defendant may collect reasonable attorneys' fees when the court finds that the plaintiff pursued his FDCPA claim "'in bad faith and for the purpose of harassment.'" *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2003) (quoting 15 U.S.C. § 1692k(a)(3)). The Seventh Circuit has held that before fees can be awarded, the defendant must establish that the "entire lawsuit" and not just a single claim was brought in bad faith. *Id.* at 775. Under Section 1927, a defendant may collect fees from opposing counsel personally when counsel "multiplies the proceedings unreasonably and vexatiously." *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir.), opinion modified on reh'g, 832 F.3d 699 (7th Cir. 2016). The moving party must establish that opposing counsel multiplied the proceedings in subjective or objective bad faith. *Id.* "[A] lawyer engages in bad faith by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law." *Id.* (internal quotations and citation omitted)).

First, ERC contends that Hill's claims were frivolous from the start and that by suing, Hill and his counsel, Sulaiman Law Group, Ltd., acted in bad faith by filing a FDCPA claim. Hill alleged that he asked ERC to stop calling him, but ERC ignored his request and continued calling him. If true, that allegation would support a claim under the FDCPA. *See Hendricks v. CBE Group, Inc.*, 891 F. Supp. 2d 892, 896 (N.D. Ill. 2012) (Bucklo, J.) (explaining that courts have found FDCPA violations where plaintiff shows that he asked the collection agency to stop calling, and the agency nevertheless continued to call). ERC maintains that it stopped calling Hill as soon as he made the request. The implication is that Hill embellished his allegations to bring his suit or that Sulaiman facilitated Hill's dishonesty by filing the complaint even though Sulaiman had reason to know that Hill's claim was illegitimate.

2

ERC overlooks the recording of an April 7, 2017 call between Hill and ERC. The parties agree that during that call Hill asked ERC to stop calling him. Hill explains that even if the allegations of additional calls after the April 7 call could not be proven, Hill already had told ERC not to call him again before that conversation. Indeed, on the call Hill stated, "[ERC] was calling me and I told them I was in bankruptcy and they said well we're sorry and we won't call you anymore." (Dkt. 52-2.) Given this, Hill's FDCPA claim rests on a foundation of reasonable conjecture regarding ERC's actions in response to Hill's no call requests.

ERC also makes much of similarities in declarations submitted by plaintiffs represented by Sulaiman in other litigation in support of each plaintiff's individual FDCPA claim and of an allegedly improper relationship between Sulaiman and Eva Street Advisers. ERC's serious allegations also fail to demonstrate any bad faith on behalf of Hill. Because ERC cannot show that Hill's complaint was brought in bad faith and to harass, it is not entitled to an award under the FDCPA's attorneys' fees provision.

Next, ERC contends that Hill and Sulaiman acted in bad faith in pursuing the TCPA claim. The TCPA prohibits only those calls made by use of an automated telephone dialing system. 47 U.S.C. § 227(b)(1)(A). ERC argues that at the time Sulaiman filed the complaint, it knew based on discovery in prior cases against ERC that ERC had in the past utilized an HCI LiveVox system and that every court that had considered the issue has found that the HCI LiveVox system is not an automated telephone dialing system. ERC contends that those prior decisions meant that Hill's attorneys knew before filing the complaint that the TCPA claim was meritless and would be asserted in bad faith.

This Court disagrees. Even if Sulaiman knew from previous, unrelated litigation that ERC had used the HCI LiveVox dialing system, ERC presents no well-founded reason for how Sulaiman could have known that ERC exclusively uses the HCI LiveVox system. Indeed, Sulaiman had not

deposed ERC in this or in any parallel litigation. More importantly, the authority ERC points to does not establish unequivocally that HCI LiveVox is a non-automatic dialer. Only one of the cases comes from within this Circuit (*Arora v. Transworld Systems Inc.*, No. 15-CV-4941, 2017 WL 3620742 (N.D. Ill. Aug. 23, 2017) (Kocoras, J.)), and that opinion was not issued until after Hill filed suit. Further, *Arora* is not binding authority. Hill and Sulaiman were entitled to pursue litigation on his individual claim.

ERC further argues that even if Hill did not want to incur expert witness fees to obtain an expert to support his TCPA claim, Plaintiff could have continued to litigate his FDCPA claims. This, however, overlooks an attorney's continuing obligation under Section 1927 to dismiss claims that are no longer viable. *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006). ERC cannot contend simultaneously that Hill violated Section 1692k(a)(2)'s requirement to not bring a claim in bad faith and suggest that Hill must continue to litigate after Hill and his counsel determined that pursuing the suit was no longer the best course of action. Indeed, there is no evidence that Sulaiman unreasonably and vexatiously multiplied the proceedings in this litigation.

Based on the foregoing, this Court denies ERC's motion for attorneys' fees [49].

IT IS SO ORDERED.

Date: 1/25/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge